# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CURTIS SLATON,

|                    |        |   |                                       |
|--------------------|--------|---|---------------------------------------|
|                    | Plaintiff, | : | Case No. 3:14-cv-269              |
|                    |        |   |                                       |
|                    |        |   | District Judge Walter Herbert Rice    |
| -  vs  -           |        |   | Magistrate Judge Michael R. Merz      |
|                    |        |   |                                       |
| STANDARD INSURANCE COMPANY, |  |   |                             |
|                    |        |   |                                       |
|                    | Defendant. | : |                                   |

---

# DECISION AND ORDER

---

This case is before the Court on Plaintiff's First Motion for Limited Discovery (Doc. No. 14).  Defendant opposes the Motion (Doc. No. 17) and Plaintiff's time under S. D. Ohio Civ. R. 7.2 for filing a reply memorandum in support expired without a reply being filed.

This is an ERISA case in which Plaintiff Curtis Slaton contends he is disabled by reason of his diagnosed multiple sclerosis.  He seeks to "1) inquire about Defendant's policies for administering subjective disability claims; and 2) take the deposition of Defendant's primary claim handler who evaluated Mr. Slaton's claim." (Motion, Doc. No. 14, PageID 137.)  Plaintiff acknowledges that discovery in ERISA cases is limited because the question is whether, based on the administrative record, the denial of benefits was arbitrary and capricious.  He notes, however, an exception for cases claiming procedural due process violations or bias on the part of the plan administrator.  *Id.* at PageID 132-33, citing *Calvert v. Firstar Finance, Inc.*, 409 F.3d

1

286, 292 (6th Cir. 2005); and *Wilkins v. Baptist Healthcare Sys*., 150 F.3d 609, 615 (6th Cir. 1998).  He notes the conflict of interest inherent in the fact that Defendant is both the decision maker and, as insurer, the payor of any claims allowed.

Defendant also relies on *Wilkins* in its opposition.  It notes that Slaton has not identified any specific due process deprivation or made any specific allegation of bias, relying instead on the inherent conflict of interest involved in being both the decision maker and payor of claims.

The Court believes Defendant's position is well taken.  If the mere possibility of bias inherent in the dual roles were sufficient to authorize discovery, the limitation announced in *Wilkins* would have little effect because dual roles are common in disability insurance cases.  See *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 116 (2008).  Furthermore, Plaintiff has not identified any actual procedural due process claims.  Finally, the record thus far produced by Defendant shows that its experts reviewed reports from Dr. Valle, Plaintiff's treating neurologist, who, although confirming the multiple sclerosis diagnosis, found no significant cognitive deficit resulting from the disease.

The Motion for Limited Discovery is therefore DENIED.

December 23, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

2